Argued and submitted September 22, affirmed November 5, 1986

OGDEN et al,
*Respondents,*

*v.*

OLSON et al,
*Appellants.*

(82-1878C; CA A37268)

727 P2d 629

William H. Stockton, Hillsboro, argued the cause and filed the briefs for appellants.

Andrew M. Rich, Hillsboro, argued the cause for respondents. With him on the brief was Huffman, Zenger & Rich, Hillsboro.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs brought this action on a promissory note and for damages for breach of contract for the sale of a reducing salon. Defendants counterclaimed for damages for breach of the same contract. The trial court found for plaintiffs and awarded damages. Defendants appeal, and we affirm.

In 1980, defendants purchased a 49 percent interest in the salon and executed a promissory note for $24,000. In early 1981, they bought the remaining 51 percent interest. They executed a note for the balance due on the original note and agreed to pay $40,000 for the 51 percent interest. Several months later they were evicted from the premises for failure to pay rent.

■ In defending against the claim based on the promissory note, defendants contend that the note was to be paid only from profits and that, because no profits were made, no payment became due. The provision on which defendants rely only controls the manner of distributing profits and secures payment to plaintiffs; it does not relieve defendants from their obligation to pay.[1]

■ In their counterclaim, defendants allege that material breaches by plaintiffs rendered the contract a nullity.[2] None of the breaches, if they were in fact breaches, was material, and the trial court correctly denied defendants' counterclaims.

Affirmed; motion for penalty under ORS 19.160 denied.

---

[1] Plaintiffs request that we impose the 10 percent penalty authorized by ORS 19.160 for delays caused by appeals raised without probable cause. We decline to impose that penalty.

[2] Defendants contend that plaintiffs breached a noncompetition clause, that they failed to transfer stock to defendants' attorney and that they failed to assign their lease to defendants.